UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No: 5:14-cv-00367-H

CERTAIN UNDERWRITERS AT )
LLOYD'S, LONDON subscribing to )
POLICY NOS. TCNR001338, )
TCNR005665 and TCNR012269, )
                                                                                )
            Plaintiffs, )
    v. )
                                                                     )   **STOCK BUILDING SUPPLY, LLC'S**
STOCK BUILDING SUPPLY, LLC, )   **RULE 56.1 STATEMENT OF MATERIAL**
                                                                       )                               **FACTS**[1]
    Defendant and Counterclaimant. )
_____ )
STOCK BUILDING SUPPLY, LLC, )   Local Civil Rule 56.1(a)
                                                                        )
    Defendant and Third-Party Plaintiff, )
                                                                        )
    v. )
                                                                        )
WOOMER INSURANCE GROUP, INC., )
                                                                       )
    Third-Party Defendant. )
_____ )

       Pursuant to Fed R. Civ. P. 56 and Local Civil Rule 56.1(a), Defendant, Counterclaimant, and Third-Party Plaintiff Stock Building Supply, LLC n/k/a BMC East, LLC ("Stock"), hereby submits this Statement of Material Facts.

       1.    Under its contract with Stock, Garcia was contractually obligated to procure:

> Comprehensive General Liability Insurance . . . show[ing] '<u>Stock Building Supply Holdings, Inc. Its Affiliated and Subsidiary Companies, Officers, Directors, Agents and Employees are Additional Insureds as their interest may appear</u>' in the description

---

[1] As discussed in Stock's memorandum of law in opposition to Woomer's motion, Woomer failed to file the requisite statement of material facts pursuant to Local Civil Rule 56.1(a)(1) so Stock does not have a statement to which it can respond pursuant to Local Civil Rule 56.1(a)(2). Stock's opposition includes this Local Civil Rule 56.1(a) statement; an appendix of documents and the accompanying memorandum of law.

> field.  This policy will include contractual liability and completed operations liability[.]

A copy of the March 22, 2007 contract between Stock and Garcia is annexed hereto as Exhibit B. (emphasis in original).

2. The need to purchase both contractual liability and completed operations coverage in the construction context is "standard." A copy of Woomer's deposition transcript is annexed hereto as Exhibit A at 65:18-66:7; *see also* Amended Notice of Deposition of Woomer Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure annexed hereto as Exhibit G. Woomer secures additional insured coverage for Stock "dozens" of times per year and this is "typically the verbiage." Ex. A at 62:21-63:11.

3. Woomer believed that it had actually procured additional insured coverage for Stock under the 2007 Policy (*id*. at 65:8-17) but did not because Woomer "issued the certificate and it failed to notify Tapco that Stock [] needed to be added to the policy." *Id*. at 49:14-16. *See also* 65:8-17 (Stock did not have the coverage "because of that mistake"). This was "human error." *Id*. at 81:6-10.

4. Woomer secured Stock's additional insured status under the 2008 and 2009 Policies. Although the certificates of insurance reflected both ongoing and completed operations hazard redounding to the benefit of Stock, the endorsements appended to those policies allegedly exclude from coverage, only with respect to additional insureds, property damage after "operations [have] been completed." Copies of the certificates of insurance for the 2008 and 2009 Policies are annexed hereto as Exhibit D and the endorsements appended to those policies are annexed hereto as Exhibit E.

5. The proper form endorsement that is consistent with Garcia's contractual obligations is annexed hereto as Exhibit F.

2

6. Woomer denies asking for or seeing the Garcia/Stock contract (Ex. A at 70:10-14; 88:22-89:4). Yet, the certificates of insurance prepared by Woomer and Garcia's contractual obligation to purchase that insurance are identical. *Compare* Ex. B with Exs. C and D.

Respectfully submitted, this the 26th day of October, 2020.

**ELLIS & WINTERS LLP**

/s/ Thomas H. Segars
Thomas H. Segars (N.C. Bar No. 29433)
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
E-mail: tom.segars@elliswinters.com

**PASICH LLP**

Jeffrey L. Schulman (N.Y. Bar No. 3903697)
*Counsel Making Special Appearance Pursuant to Local Civil Rule 83.1(e)*
757 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 686-5000
Facsimile: (424) 313-7890
E-mail: jschulman@pasichllp.com

*Counsel For Stock Building Supply, LLC n/k/a BMC East, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Eastern District of North Carolina, which will automatically serve the following parties:

> Kevin M. O'Brien
> Robert M. Kennedy, Jr.
> Phelps Dunbar LLP
> 4140 Parklake Avenue, Suite 100
> Raleigh, North Carolina 27612
>
> Neal R. Novak
> Karen J. Andersen Moran
> Novak Law Offices
> 33 N. LaSalle, Suite 1900
> Chicago, IL 60602
>
> *Counsel for Plaintiff Certain Underwriters at Lloyd's, London, Subscribing to Policy Nos. TCNR001338, TCNR005665 and TCNR012269*
>
> John T. Jeffries
> Jeffrey B. Kuykendal
> McAngus, Goudelock & Courie, P.L.L.C.
> P. O. Box 60307
> 6302 Fairview Road, Suite 700
> Charlotte, NC 28210-2267
>
> *Counsel for Third-Party Defendant Woomer Insurance Group, Inc.*

> /s/ Thomas H. Segars
> Thomas H. Segars (N.C. Bar No. 29433)
>
> *Counsel for Stock Building Supply, LLC n/k/a BMC East, LLC*